## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBERT V. PRESSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-516 SRW |
| ) | |
| ANDREW M. SAUL,[1] ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Robert V. Presson's Petition to Award Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 35. On June 22, 2021, this Court reversed the Commissioner's decision and remanded Plaintiff's case for further proceedings. Plaintiff now seeks attorney's fees in the amount of Four Thousand Nine Hundred and Twenty-Five Dollars and Eighty-Eight Cents ($4,925.88). This amount is based on multiplying 25.1 hours of attorney time by a rate of $196.25 per hour. Plaintiff requests compensation for attorney time at the statutory hourly rate of $125.00 plus a cost-of-living adjustment, pursuant to 28 U.S.C. § 2412(d), for a total hourly fee of $196.25.

Plaintiff acknowledges the Court must make the fee payable to him as the litigant. *See Astrite v. Ratliff*, 560 U.S. 586, 593 (2010) (holding that EAJA fees are payable to the prevailing party and may be subject to offset to satisfy any pre-existing debt owed to the United States).

---

[1] At the time this case was filed, Andrew M. Saul was the Commissioner of Social Security. Kilolo Kijakazi became the Commissioner of Social Security on July 9, 2021. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name, and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Kilolo Kijakazi for Andrew M. Saul in this matter.

Plaintiff requests the Court to direct the Commissioner to disburse the award for attorney fees as follows:

> After the [C]ourt enters this award for attorney fees, Defendant will verify whether Plaintiff owes a pre-existing debt to the government subject to the offset. If Plaintiff does not owe a pre-existing debt subject to offset, Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to said *Assignment of Federal Court EAJA Attorney Fee* signed by Plaintiff. *See* Plaintiff's Exhibit 2. In the event that a debt is owed but the fees are not subsumed entirely by the debt, the payment of the remaining fees to Plaintiff shall be mailed to Plaintiff's counsel, at Post Office Box 621, Manchester, MO 63021, so that Plaintiff may sign the payment over to the attorney for the attorney fees.

ECF No. 35 at 3.

The Commissioner filed a response which states he has no objection to Plaintiff's request for attorney fees under the EAJA in the amount of $4,925.88 to be paid by the Social Security Administration directly to Plaintiff as the litigant, subject to an offset, if any. ECF No. 36.

The Court has reviewed Plaintiff's Petition for Attorney Fees Under the EAJA, and concludes the statutory requirements are met. By Order and Judgment of Remand dated June 22, 2021, the Court remanded this case to Defendant Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). A claimant seeking judicial review of a final decision denying Social Security disability benefits may recover attorney's fees if he or she receives a "sentence four" remand. *See Shalala v. Schaefer*, 509 U.S. 292, 295-96 (1993).

Attorney's fees may not be awarded in excess of $125.00 per hour – the maximum statutory rate under § 2412(d)(2)(A) – unless the Court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). The

hourly rate should be increased, however, where there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125] per hour," such as the Consumer Price Index. *Johnson v. Sullivan*, 919 F.2d 503, 504, 505 (8th Cir. 1990). In this case, Plaintiff has presented uncontested evidence of an increase in the cost of living. ECF No. 35 at 2 (calculating increase in hourly rate pursuant to the Midwest Region Consumer Price Index). The Court agrees with Plaintiff that a cost of living increase is appropriate as requested.

Because Plaintiff prevailed and is not otherwise precluded from receiving attorney fees, the Court finds that he is entitled to attorney fees in the amount of Four Thousand Nine Hundred and Twenty-Five Dollars and Eighty-Eight Cents ($4,925.88). The Court will make the fee payable to Plaintiff as the litigant as required by *Astrite*, 560 U.S. at 593. The Commissioner must verify whether Plaintiff owes a pre-existing debt to the government subject to an offset. If Plaintiff does not owe a pre-existing debt subject to offset, Defendant must make the award payable to Plaintiff's attorney pursuant to the *Assignment of Federal Court EAJA Attorney Fee*. *See* ECF No. 35-2. In the event the attorney fees are subject to offset, but are not entirely subsumed by the debt, Defendant shall mail payment of the remaining fees to Plaintiff's counsel so that Plaintiff may sign payment over to his attorney.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Robert V. Presson's Petition to Award Attorney Fees Pursuant to the Equal Access to Justice Act [ECF No. 35] is **GRANTED**.

**IT IS HEREBY ORDERED** that Defendant Commissioner of Social Security Administration shall pay attorney's fees under the Equal Access Justice Act in the amount of Four Thousand Nine Hundred and Twenty-Five Dollars and Eighty-Eight Cents ($4,925.88).

3

**IT IS FURTHER ORDERED** that said award shall be made payable to Robert V. Presson as described in this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Kilolo Kijakazi for Andrew M. Saul in the court record of this case.

So Ordered this 7th day of September, 2021.

                                          */s/ Stephen R. Welby*
                                          STEPHEN R. WELBY
                                          UNITED STATES MAGISTRATE JUDGE